# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| FREDERICKSBURG ROYALTY, LTD., on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>PETRO-HUNT, L.L.C.,<br><br>                    Defendant. | Civil Action No. 20-cv-3170 |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Fredericksburg Royalty, Ltd. ("Plaintiff"), on behalf of itself and all others similarly situated, files this Complaint against Petro-Hunt, L.L.C. ("Petro-Hunt" or "Defendant"). Plaintiff alleges and asserts the following against Defendant.

### SUMMARY

1. This class action concerns Petro-Hunt's willful and ongoing violations of North Dakota law related to the interest owed on untimely payments of oil-and-gas royalties.

2. North Dakota statute requires operators like Petro-Hunt to pay royalties to mineral owners, both leased and unleased, within 150 days of marketing the oil or gas. The statute further requires operators to pay mineral owners statutory interest when they fail to meet that deadline.

3. Petro-Hunt does not automatically pay mineral owners the interest it owes on untimely royalty payments. Instead, it has a policy of only paying statutory interest when

mineral owners demand it, despite the fact that the statute expressly disclaims a demand requirement.

4. Plaintiff brings this class action to recover damages for itself and all similarly situated mineral owners who received untimely payments from Petro-Hunt for which it did not pay the interest required by North Dakota statute.

## PARTIES

5. Plaintiff Fredericksburg Royalty, Ltd. is a Texas limited partnership with its principal place of business in San Antonio, Texas.

6. Defendant, Petro-Hunt, L.L.C. is a Texas limited liability company with its principal place of business located in Dallas, Texas, and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendant are citizens of different states.

8. This Court has personal jurisdiction over Petro-Hunt because it maintains its principal place of business in this district and has minimum contacts in this district.

9. Petro-Hunt issues royalty payments to mineral owners out of its office in Dallas, as evidenced by the check stubs it sends mineral owners:



10. Petro-Hunt also directs mineral owners to its Dallas office through its website:



*See Frequently Asked Questions – How do I contact Petro-Hunt?* PETRO-HUNT, http://www.petro-hunt.com/royalty-owners (last visited Sept. 14, 2020).

11. Petro-Hunt decides whether it owes interest on late payments, and whether it will pay interest on those late payments, in its Dallas office.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred in Dallas, Texas, which is located within this district.

## FACTUAL ALLEGATIONS

13. The preceding allegations are fully incorporated by reference.

14. North Dakota statute provides:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee within one hundred fifty days after oil or gas produced under the lease is marketed . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner **within one hundred fifty days after oil or gas production is marketed** from the unleased mineral interest owner's mineral interest, **the operator thereafter shall pay interest** on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid** . . . .

N.D.C.C. § 47-16-39.1 (emphasis added).

15. Stated differently, when an operator like Petro-Hunt fails to pay royalties to a mineral owner within 150 days after the oil or gas is sold, the operator owes 18% interest on the unpaid royalty.

16. The statute expressly states there is no demand requirement before a mineral owner is entitled to statutory interest. *See* N.D.C.C. § 47-16-39.1 ("without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest").

17. The statute equally applies the 18% interest obligation to late payments made to both leased and unleased mineral owners. *See id*.

18. Despite this clear statutory obligation, Petro-Hunt does not automatically pay interest on untimely payments. Instead, Petro-Hunt has adopted a policy of requiring mineral

owners to first demand statutory interest before it will pay what is already owed under the statute.

19. Plaintiff owns an interest in oil and gas produced from the Klevmoen 153-95-17C-7-2H well, which is located in Section 17-153N-95W in McKenzie County, North Dakota.

20. Petro-Hunt, L.L.C. operates the Klevmoen 153-95-17C-7-2H well and remits royalty payments to Plaintiff.

21. Petro-Hunt failed to pay Plaintiff the royalties to which it is entitled within 150 days of marketing Plaintiff's mineral interests from the Klevmoen 153-95-17C-7-2H well.

22. For example, for oil and gas Petro-Hunt marketed from the Klevmoen 153-95-17C-7-2H well in September 2018, the Plaintiff did not receive payment until March 25, 2019.

23. When Petro-Hunt finally did pay those royalties owed to the Plaintiff in March 2019, Petro-Hunt did not include the 18% interest required by North Dakota statute.

## CLASS ACTION ALLEGATIONS

24. The preceding allegations are fully incorporated by reference.

25. Plaintiff brings this action on behalf of itself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

26. Plaintiff brings this class action on behalf of the following class ("Class"):

> All non-excluded persons or entities owning mineral interests in North Dakota wells who: (1) received untimely payments from Petro-Hunt for royalties in North Dakota wells; and (2) whose payments did not include the 18% interest required by law.
>
> Excluded from the Class are: (1) Petro-Hunt, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of North Dakota.

27. Upon information and belief, there are thousands of absent Class members entitled to interest on late payments made by Petro-Hunt.

28. The Class is so numerous that joinder of all members is impracticable.

29. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the North Dakota acreages for which Petro-Hunt has an obligation to pay oil-and-gas royalties;

   b. Whether, under North Dakota law, Petro-Hunt owed interest to Plaintiff and the Class on any untimely payments;

   c. Whether Petro-Hunt's failure to pay interest to Plaintiff and the Class on any untimely payments constitutes a violation of North Dakota statute; and

   d. Whether Petro-Hunt is obligated to pay interest on future untimely payments.

30. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

31. Petro-Hunt treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments.

32. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

33. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment of oil-and-gas royalties as required by North Dakota law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Petro-Hunt, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Petro-Hunt.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

35. The preceding allegations are incorporated by reference.

36. Plaintiff brings this cause of action on behalf of itself and the Class.

37. Plaintiff and the Class were legally entitled to the payments of oil-and-gas royalties from Petro-Hunt, for production from wells owned or operated in North Dakota.

38. N.D.C.C. § 47-16-39.1 requires Petro-Hunt to pay owners within 150 days of marketing the production of their oil-and-gas interests.

39. When Petro-Hunt fails to pay owners within 150 days, N.D.C.C. § 47-16-39.1 requires Petro-Hunt to pay owners 18% interest when the payment is eventually made.

40. Petro-Hunt held oil-and-gas royalties belonging to Plaintiff and the Class, and Petro-Hunt failed to timely pay these royalties to Plaintiff and the Class.

41. When Petro-Hunt eventually paid these royalties to Plaintiff and the Class, it did not pay the 18% interest required by N.D.C.C. § 47-16-39.1.

42. Petro-Hunt's failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## JURY DEMAND

43. Under Fed. R. Civ. P. 38, Plaintiff requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Petro-Hunt to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Petro-Hunt's breaches and unlawful conduct, including, without limitation, the interest on the untimely payments required by law;

3. An order requiring Petro-Hunt to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order requiring Petro-Hunt to pay the Class's attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D

Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

–and–

John Paul Albert,*
ND Bar #08282 & OBA #31933
Brady L. Smith,* OBA #30727
*admission forthcoming
NEEDHAM & ASSOCIATES, PLLC
410 N. Walnut Avenue, Suite 110
Oklahoma City, OK 73104
(405) 297-0176
(405) 297-0173 fax
jpalbert@theneedhamcompanies.com
brady@theneedhamcompanies.com

–and–

John C. Sokatch
DYKEMA GOSSETT PLLC
Oklahoma Bar No. 34211
Texas State Bar No. 24083889
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6494
jsokatch@dykema.com

**COUNSEL FOR PLAINTIFF**